IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division



FILED
MAY 28 2010
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

NEWPORT NEWS HOLDINGS CORP.,

Plaintiff,

10-RJ-0013

v.

Civil Action No. 4:08cv19

VIRTUAL CITY VISION, INC.,

and

VAN JAMES BOND TRAN,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 17 2010

GREGORY C. LANGHAM
CLERK

## ORDER

Plaintiff, Newport News Holdings Corp. ("NNHC"), moves the Court for an Order Requiring Defendants and Counsel to Show Cause As To Why Court Should Not Hold Them In Contempt, and To Allow Registration Of Judgment In Foreign Jurisdiction against Defendants, Virtual City Vision, Inc. and Van James Bond Tran (collectively, "VCV"). For the following reasons, the Court DENIES NNHC's Motion for an Order Requiring Defendants and Counsel to Show Cause As To Why the Court Should Not Hold Them In Contempt and GRANTS NNHC's Motion To Allow Registration Of Judgment In Foreign Jurisdiction.

### I. BACKGROUND

On February 21, 2008, Plaintiff, NNHC, filed its Complaint alleging federal trademark infringement, federal false advertising and unfair competition, common law trademark infringement, common

law unfair competition, copyright infringement, and unjust enrichment. (Doc. No. 1). On February 3, 2009, the Court issued its written opinion and order granting in part and denying in part NNHC's motion for Partial Summary Judgment. (Doc. No. 127). In the opinion, the Court specifically found that VCV and Tran violated the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d), by using NNHC's mark with a bad faith intent to profit.[1] On July 24, 2009, the Court issued its Final Order, (Doc. No. 167), and on July 27, 2009, the Court entered judgment in favor of NNHC on Count III, (Doc. No. 168), and NNHC's remaining claims were dismissed without prejudice. On August 11, 2009, NNHC filed a motion to permit registration of judgment in the Southern District of Alabama and the Northern District of California (Doc. No. 174), and the Court granted the motion on October 1, 2009 (Doc. No. 194).

NNHC filed the present motions on April 28, 2010 (Doc. Nos. 205, 207).[2] VCV filed their response in opposition on May 12, 2010 (Doc. No. 214), and NNHC filed its reply on May 18, 2010 (Doc. No. 215).

---

[1] NNHC amended its Complaint on November 20, 2008 to add a claim for violation of the ACPA.

[2] NNHC also filed a Motion to Expedite Briefing (Doc. No. 209) on April 28, 2010, which the Court denied on April 30, 2010 (Doc. No. 211).

2

## II. ANALYSIS

As a preliminary matter, the Court dispenses with oral argument pursuant to Local Civil Rule 7(J) and Federal Rule of Civil Procedure 78, because the facts and legal contentions at issue are adequately presented in the materials before the Court and argument would not aid the decisional process.[3]

### A. Registration of the Judgment in the District of Colorado

A judgment of a United States District Court becomes final and enforceable ten (10) days after judgment is entered. Fed. R. Civ. P. 62(a). At that time, the prevailing party is entitled to execute upon the judgment unless an appeal has been filed and the appellee has posted a supersedeas bond. Fed. R. Civ. P. 62(d). Where no supersedeas bond has been posted, as is the case here, the judgment is typically only enforceable in the district in which it was rendered until the appellate process has been exhausted. 28 U.S.C. § 1963; Columbia Pictures Television Inc. v. Krypton Broad Inc., 259 F.3d 1186, 1198 (9th Cir. 2001). However, a court has discretion to permit registration in another district during the pendency of an appeal upon a showing of good cause pursuant to 28 U.S.C. § 1963. Id.

Though § 1963 did not initially include the option for

---

[3] Though the Court ordered an oral hearing to be held on these matters in its April 28, 2010 Order (Doc. No. 211), the Court now finds that the parties' memoranda provide an adequate and sufficient basis for the Court to rule on the present motions.

3

registration in another district by order of the court, Congress amended the statute in 1988 to include this alternative with the intention of making it possible for courts to prevent judgment debtors from hiding assets in foreign jurisdictions.[4]  See 28 U.S.C. § 1963 (West 1982); Judicial Improvements and Access to Justice Act, Pub. L. No. 100-202, § 1002, 102 Stat. 4642 (1988). Accordingly, good cause may be found by "a mere showing ... that the defendant has substantial property in the other district and insufficient [property] in the rendering district to satisfy the judgment." David D. Siegel, Commentary on 1988 Revision, 28 U.S.C. § 1963 (West Supp. 1989); United States v. D'elegance Mom't Ltd., 217 F.3d 843, 2000 WL 966034 (4th Cir. 2000)(unpublished table decision); see also Columbia Pictures Television, 259 F.3d at 1198;

---

[4] Section 1963 states:

> A judgment in an action for the recovery of money or property entered in any district court or in the Court of International Trade may be registered by filing a certified copy of such judgment in any other district or, with respect to the Court of International Trade, in any judicial district, when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown. A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.
> A certified copy of the satisfaction of any judgment in whole or in part may be registered in like manner in any district in which the judgment is a lien.

4

Dvll v. Adams, No. CIV.A.3:91-CV-2734D) 1998 WL 60541, at *1 (N.D. Tex. Feb. 6, 1998); Chicago Downs Ass'n v. Chase, 944 F.2d 366, 372 (7th Cir. 1991); Associated Bus. Tel. Svs. v. Greater Capital, 128 F.R.D. 63, 66-67 (D.N.J. 1989).

In the present matter, NNHC moves the Court to allow registration of the judgment in the District of Colorado. VCV has not satisfied the judgment, and NNHC argues that VCV has assets in Colorado that could be used to satisfy the judgment. In VCV's memorandum, Defendants do not object to the registration of the judgment in the District of Colorado. Further, the Court previously granted NNHC's motion to register the judgment in foreign jurisdictions under similar circumstances. See Oct. 1, 2009 Order (Doc. No. 194). Based on the foregoing, the Court FINDS good cause to allow registration of the judgment in the District of Colorado, and accordingly, the Court GRANTS NNHC's Motion to Register the Judgment in a Foreign Jurisdiction.

## B. Motion for Order to Show Cause

Rule 69 of the Federal Rules of Civil Procedure provides the procedures for enforcement of a money judgment.[5] Rule 69 directs

---

[5] Rule 69 states:
> A money judgment is enforced by writ of execution, unless the court directs otherwise. The procedure on execution - and in proceedings supplementary to and in aid of judgment of execution - must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

the judgment creditor to enforce a money judgment by a "writ of execution, unless the court directs otherwise." Fed. R. Civ. P. 69. This language gives courts some freedom in determining what devices can be used to execute a money judgment, including a contempt order. However, there is a presumption that a writ of execution is the appropriate enforcement mechanism, and absent a showing of exceptional circumstances or established procedure by the movant, the Court should not use a contempt order to enforce a money judgment. See Shuffler v. Heritage Bank, 720 F.2d 1141, 1148 (9th Cir. 1983); Clark v. Wilbur, 913 F.Supp 463, 466 n.4 (S.D. W. Va. 1996).

Exceptional circumstances or established procedures that permit the Court to issue contempt orders to enforce a money judgment include situations where a state procedural rule bars the satisfaction of a judgment. See Spain v. Mountanos, 690 F.2d 742, 745 (9th Cir. 1982). Exceptional circumstances do not exist where a judgment debtor failed to deposit escrow funds and transferred assets into a protected partnership. See Shuffler v. Heritage Bank, 720 F.2d 1141, 1148 (9th Cir. 1983). In this Circuit, the

---

> In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person - including the judgment debtor - as provided in these rules or by the procedure of the state where the court is located...

Fed. R. Civ. P. 69.

Southern District of West Virginia recognized that extenuating circumstances must exist before a court can hold a party in contempt for failing to satisfy a money judgment. See Clark, 913 F.Supp at 466 n.4.

In the present case, NNHC argues that the Court should hold VCV in contempt because VCV has failed to satisfy the money judgment pursuant to the Court's July 24, 2009 Order. NNHC supports its position by pointing to the fact that VCV has not even partially satisfied its judgment, that VCV moved for stays of the injunction and money judgment, that VCV appealed the Court's decision, and that VCV's assets in the jurisdictions where NNHC registered the judgments are inadequate to satisfy the money judgment. Further, NNHC argues that VCV unduly burdened NNHC by causing NNHC to initiate post-judgment discovery proceedings, file briefs, and perform further investigations into VCV's assets.

The Court is not persuaded by NNHC's arguments. NNHC has failed to demonstrate exceptional circumstances or established procedures that would give the Court cause to hold VCV in contempt or justify a departure from Fed. R. Civ. P. 69. Rather, NNHC merely recounts the difficulty it is having in executing its judgment against VCV. NNHC's post-judgment activities are necessary procedures followed in the ordinary course of satisfying a money judgment. The fact that VCV lacks sufficient assets in the jurisdictions where judgment is registered is not enough by itself

to warrant a contempt order. Accordingly, the Court DENIES NNHC's Motion for Order Requiring Defendants and Counsel to Show Cause As To Why the Court Should Not Hold Them In Contempt.

### III. CONCLUSION

Having considered Plaintiff's Motions and for the reasons stated herein, the Court DENIES Plaintiff's Motion for Order Requiring Defendants and Counsel to Show Cause As To Why the Court Should Not Hold Them In Contempt and GRANTS Plaintiff's Motion To Allow Registration of Judgment in the District of Colorado.

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
May 28, 2010

A TRUE COPY, TESTE:
CLERK, U.S. DISTRICT COURT

BY _____
DEPUTY CLERK

8